Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, September 06, 2011 3:23:59 PM

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TODD MUNSON and | ) | |
| MARY E. MUNSON, | ) | Case No. 08-1040 |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| TODD MUNSON and | ) | |
| MARY E. MUNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 10-132 |
| | ) | |
| AMERICAN GENERAL | ) | |
| FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

American General Financial Services, Inc. ("American General"), seeks dismissal of the complaint filed against it by Todd and Mary Munson (the "Debtors") on the grounds that the Debtors' preference action under 11 U.S.C. § 547 is time barred and the Debtors' cause of action under 11 U.S.C. § 362 fails to state a claim upon which relief can be granted.

For the reasons stated herein, the court will grant American General's motion to dismiss the Debtors' preference action, but will deny its motion to dismiss the Debtors' cause of action for its alleged violation of the automatic stay.

1

## I. BACKGROUND

According to the Debtors' complaint, the Debtors' wages were garnished from April 3, to June 27, 2008, in the total amount of $3,133.55.

On July 2, 2008, the Debtors sought the protections of the Bankruptcy Code by filing a Chapter 7 Voluntary Petition in this court. The Debtors allege that the garnishments immediately preceding the filing of their petition were not immediately received by American General, resulting in post-petition action to collect on pre-petition debt. On September 22, 2008, the Chapter 7 trustee appointed to the Debtors' case filed his report of no distribution, and, on October 21, 2008, the Debtors received their discharge and the case was closed.

On March 12, 2010, almost 17 months after their case was closed, the Debtors filed a motion to reopen their case so that they could pursue potential causes of action based on pre- and post-petition garnishments of the Debtors' wages by American General. On May 11, 2010, the court granted the Debtors' motion to reopen, and, on September 24, 2010, the Debtors filed this adversary proceeding against American General.

## II. DISCUSSION

American General asserts that the Debtors' preference action under § 547 is time barred by the limitations contained in 11 U.S.C. § 546(a), and that the Debtors' allegation of a violation of the automatic stay must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Debtors failed to allege any improper post-petition collection action by it.

**A. 11 U.S.C. § 547 - Preferences.**

American General contends that the Debtors' preference action is barred by the time limitations contained in § 546(a). The Debtors contend that the reopening of their case also acted to reopen the period during which they could commence their present cause of action because their case was not "properly and finally closed," and that the filing of the motion to reopen acted to toll the limitation under § 546(a).

Section 546(a)(2) requires that actions to recover preferential transfers under § 547 "may not be commenced after . . . the time the case is closed or dismissed." 11 U.S.C. § 546(a)(2).

A case is not "closed" for purposes of § 546(a)(2) until the case is "properly and finally" closed. *See, e.g.*, *Gross v. Petty (In re Petty)*, 93 B.R. 208, 212 (B.A.P. 9th Cir. 1988)(". . . the word

2

'closed' in § 546(a)(2) must be read to mean properly and finally closed."); *White v. Boston (In re White)*, 104 B.R. 951, 955 (S.D. Ind. 1989)(". . . it is clear that the closing of a case cannot trigger [§] 546(a)(2) unless the case had been properly closed . . . ."); *Mullen v. Kalil (In re Mullen)*, 337 B.R. 744, 749 (Bankr. D.N.H. 2006)(holding that when assets are concealed, actions otherwise barred by § 546 may be pursued after the case is reopened, but § 546(a) bars the resurrection of such an action when the asset is disclosed); *Schroeder v. First Union Nat'l Bank (In re Schroeder)*, 173 B.R. 93, 95 (Bankr.D.MD. 1994)(". . . courts have construed the word 'closed,' as set forth in [] § 546(a)(2), to mean properly closed."), *rev'd on other grounds*, 182 B.R. 723 (D.MD. 1995). A case is presumed to be fully administered if no objection is made by a party in interest within 30 days of the case trustee's final report and certification that the estate has been fully administered. Fed. R. Bankr. P. 5009(a). Moreover, when an asset is disclosed in a debtor's bankruptcy petition and the trustee is aware of the asset but failed to pursue an avoidance action during the pendency of the case, § 546(a) bars the resurrection of such action in the event that the case is reopened. *In re Mullen*, 337 B.R. at 749.

Here, the allegedly preferential transfer to American General was disclosed in response to Question 4 of the Debtors' Statement of Financial Affairs. The Debtors never objected to the trustee's "no asset" report and certification that the case had been fully administered, which was filed on September 22, 2008. Thus, the Debtors were aware of the existence of a potential action under § 547 upon the filing of the case, and their trustee was put on notice of a potential preference action with regard to the Debtors' response to Question 4 on the Statement of Financial Affairs. Therefore, the case was "properly and finally" closed on October 21, 2008, and the Debtors' adversary complaint alleging a preferential transfer under § 547 is time barred under § 546(a)(2) and will be dismissed.

**B. 11 U.S.C. § 362 - The Automatic Stay**

American General contends that the Debtors' cause of action for alleged violations of the automatic stay fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Debtors contend that American General may have taken post-petition action to collect on a pre-petition debt if the funds garnished from the Debtors' wages immediately before the filing of the Debtors' bankruptcy petition did not become property of American General until after the petition was filed, but that such information is not readily discoverable and is solely within the control of American

3

General.

Review of a motion to dismiss for failure to state a claim upon which relief can be granted, requires consideration of whether the pleader has provided more than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," and the factual allegations must be enough to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id*. Determining whether a complaint is "facially plausible" is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id*. at 1950.

Here, the Debtors have pled facts that raise a right of relief above a speculative level, and provide notice to American General of the charges against it so that it may defend against the complaint. The Debtors assert that their wages were subject to garnishment for 3 months before the filing of their July 2, 2008 bankruptcy petition. The garnishments, as alleged in the complaint, continued until June 27, 2008, just 5 days before the Debtors' bankruptcy. The Debtors assert that there is a strong likelihood that the garnishments immediately preceding the filing of the their bankruptcy were not yet in the possession of American General on July 2, 2008, and, therefore, American General violated the automatic stay by not returning the funds received post-petition. The Debtors have pled enough facts to state a claim for violation of the automatic stay. *In re Robb*, 399 B.R. 171, 176 (Bankr.N.D.W.Va. 2008)(noting that a creditor's inaction can be found to constitute a willful violation of the automatic stay); *In re Bailey*, 428 B.R. 694, 699 (Bankr.N.D.W.Va. 2010)(holding that the creditor "willfully violated the stay by failing to take timely and effective affirmative acts to . . . restore to the Debtor his garnished wages").

### III. CONCLUSION

For the above-stated reasons, American General's motion to dismiss will be granted regarding the Debtors' action under § 547, and denied regarding the Debtors' action for violation of the automatic stay under § 362. The court will enter a separate order consistent with this memorandum opinion.